## Stouffer v. Hughes

*Gerald E. Ruth*, for plaintiff.
*Richard A. Katz*, for defendant.

BUCKINGHAM, *J.*, June 17, 1975—The matter is before us on defendants' petition to open judgment. The facts are that on April 18, 1969, defendants executed a judgment note in favor of the Beneficial Consumer Discount Company ("Beneficial") for $2,880 and judgment was entered thereon on April 21, 1969. On April 11, 1974, the judgment was revived in the amount of $1,848.43 by agreement and defendants' real estate was released from the old judgment. On May 13, 1974, the judgment was assigned by Beneficial to plaintiff, the assignment being entered of record on June 3, 1974.

Plaintiff executed on the judgment on June 3, 1974, because defendants made no payments. Defendants' petition to open the judgment was filed on August 21, 1974, on the grounds that they did not understand the ramifications of signing the original judgment note and the agreement to revive. They also claim that Beneficial promised not to execute on the revived judgment until defendant, Henry L. Hughes, Sr., obtained employment. They further allege that Beneficial violated the Federal Truth in Lending Act of May 29, 1968, P.L. 90-321, as amended, 82 Stat. 146, on the occasion of both the original judgment note and the agreement to revive. Finally, they seek the protection of Swarb v. Lennox, 314 F. Supp. 1091, (1970), affirmed 405 U.S. 191, 31 L. Ed. 2d 138, 92 S. Ct. 767, where the court held that, although cognovit provisions are not unconstitutional per se, after November 1, 1970, one who signs a consumer financing or leasing contract, i.e., a nonmortgage credit transaction, containing cognovit provisions, may open the judgment entered against him by confession under the cognovit provisions of the document if his annual income is less than $10,000 *unless* it is shown that at the time of executing the document the debtor intentionally, understandingly and voluntarily waived his known rights under Pennsylvania law, i.e., the right (1) to have prejudgment notice and hearing, (2) to have the burden of proof on the creditor; and (3) to avoid the expenses attendant upon opening or striking a confessed judgment.

The depositions of both defendants, the managers of the Household Finance Company ("Household") and Beneficial and an official with the Redevelopment Authority of the City of York were taken. These show that defendants, who have respectively tenth and eighth grade educations, had over 30

years experience of borrowing from Beneficial and Household and signed judgment notes as a part of these transactions. In fact, defendants were indebted to Household on a judgment confessed on a note at the time the judgment was revived in this case. The finance company managers and the Redevelopmemt Authority official all testified that defendants were given a detailed explanation of all of their rights and obligations in connection with the notes they signed, the confessions of judgment thereon and any revival thereof. Although defendants contended that they understood only *some* of the detriments they incurred by these transactions (e. g., that the note would be a lien against their real estate), we are satisfied from a review of the entire record that they had a sufficient understanding of *all* their rights and obligations when they entered into all of these financing transactions.

Even if this were not so, the judgment could still not be opened. It is still the law of Pennsylvania that before a judgment may be opened: (1) the petition to open must be promptly filed; (2) the default must be reasonably explained, and (3) a defense must be shown to exist on the merits: International Equity Corporation v. Pepper and Tanner, Inc., 222 Pa. Superior Ct., 118, 293 A. 2d 108 (1972). In their depositions, defendants freely admit that they owe the debt to plaintiff and that they have no defense on the merits.

With respect to Beneficial's alleged oral collateral agreement that there would be no execution on the judgment until defendant, Henry L. Hughes, Sr., obtained employment, defendant, Henry L. Hughes, Sr., admitted in his depositions that Beneficial never promised him to withhold execution until he found a job.

With regard to defendants' argument that Bene-

ficial violated the Federal Truth in Lending Act, since defendants concede that the original note here in 1969 predated the act, it is obvious that there was no Truth in Lending Act in existence with which to be in compliance. Accordingly, we hold that the Federal Truth in Lending Act is not applicable to the revival of the judgment in 1974 after the act came into existence.

Lastly, since Swarb v. Lennox, supra, predates the original note in this case, it cannot apply to it. Moreover, this court has held, in an opinion by Blakey, *J.*, filed on March 10, 1975, in Atlantic-Richfield Company v. William A. Lane and Eveline H. Lane, October term, 1974, no. 475, that Swarb v. Lennox is not applicable to a revival of such a judgment after the effective date of Swarb v. Lennox.

In view of the foregoing, we enter the following

## ORDER

And now, June 17, 1975, the rule heretofore entered against plaintiff to show cause why the judgment should not be opened is discharged and defendants' petition to open said judgment is dismissed. An exception is granted to defendants.